Mr. Tussa, I see you deserve two minutes for rebuttal, and you can begin whenever you're ready. Thank you, Your Honor. Good morning. May it please the Court, Joseph Tussa, Tussa PC, for Plaintiff Appellant, Dean Nicosia. Your Honors, we are repeatedly told by the United States Supreme Court and this Court that parties cannot be forced to arbitrate matters that their contracts say are not subject to arbitration. On May 3rd of 2021, Amazon very publicly abandoned the arbitration terms in its Customer Agreement, which they call the Customer of Use, and in its place added a provision that said all customer disputes, past and present, have to be litigated. Again, customer disputes past and present have to be litigated. They're no longer even permitted to be arbitrated. Is the issue here a narrower, and that is simply whether the district court abused its discretion in denying the 60B-5 motion? Your Honor, we do believe the court abused its discretion and also made errors of law, both. Well, you're not suggesting just because they amended the agreement that they have to go back for arbitrations that have been completed and undo them, right, or allow those people to bring cases in court? You're not suggesting that, right? I'm not suggesting that, Your Honor, but I think- Well, here your client had an arbitration proceeding for whatever reason, as the district court noted, decided only to litigate in the arbitration the threshold issue of legality and didn't litigate the underlying claim. So the arbitration was over here, right, or am I missing something? Yeah, I do think, Your Honor, is missing something. I think where I would take issue with, Judge Bianco, your question, is the matter was not over for at least two reasons. Your Honor, we did present the arbitrability issue, the arbitrator's jurisdiction to the arbitrator. In the first instance, her award was issued in March of 2021. Under the FAA Section 12, we had three months to move to modify a vacate, so that was very much a live dispute until June of 2021. Amazon changed its terms in May of 2021, rendering any motion to modify or vacate that we had the right to file moot, because even if we had won, we couldn't go back to arbitration. The customer agreement said we must litigate, and so instead of filing a moot- Thank you, Judge. I'm glad you asked. So we viewed this panel's prior decision in Nicosia 2, we all call it, and Your Honor was on that. As requiring us- Where did we say in that summary order that you had to only litigate threshold issue? We said you do have the threshold issue would be decided in the arbitration proceeding, but you could point me to it. Where did we say, but that's the only thing you should raise or can raise? I don't see that anywhere in that summary order. Right, so we view the ex-praise, have the arbitrator resolve this issue, quote, in the first instance, to direct, having directed us to go to the arbitrator, present that issue of arbitrability in the first instance. And we'd add, Your Honor, even if it were required to, and Your Honor, the audit certainly didn't say only, but we read it as not only the required course, but the advisable course. We see opinions from this court in cases like Maryland Casualty, Beijing Shashung Mining as saying, it's a distinction without a difference, even if one were to present all of the issues to the arbitrator at once or phase them. If I could take you back to the motion to set aside the judgment. The section applies to prospective judgments, right? Yes, Your Honor. Yeah, how is this judgment here prospective? Thank you, Your Honor. We think- You don't need to thank me for asking the question. That's what we do. Go ahead. We think orders compelling arbitration are different in kind than Rule 12 and 56 orders dismissing a case. In a run of the mill dismissal, the litigation is completed. The litigants have nothing more to do. The district court's role is done. And the only thing left is an appeal. When you compel arbitration, you're telling the parties, you're not done. Go arbitrate. The FAA, by design, reserves a role for the district court. The court is done, though, right? The court is done as far as the court. I mean, the court is not continuing to supervise the matter. The court isn't supervising continuing conduct or conditions. It's not actively supervising. But, of course, the FAA has numerous provisions that allow the parties to return repeatedly back to the district court from arbitration. Things like appointing an arbitrator, compelling witnesses, modifying the vacancy award. You could bring the compelling witnesses in the district court where the arbitration takes place. It wouldn't even be the same judge or necessarily the same district, right? This case was over. It was dismissed. There was no ongoing supervision. The fact that there are other things that can happen under the Arbitration Act in some court in the United States, including a confirmation of arbitration, that could be anywhere, right? It doesn't have to be before that district court, right? Well, it can't be anywhere. I think the FAA- It doesn't have to be. It's not coming back necessarily to this district judge or this district court, right? In this case, it would have, Your Honor. But it doesn't always have to. I agree with you. It depends where you arbitrate, candidly, as to where it goes. What case do you have where a case has been dismissed, there's no consent decree, there's no injunction, there's nothing other than a dismissal where that has been opined by a court to constitute prospective application? Admittingly, Your Honor, this is a matter that's been very lightly litigated. There's very few opinions in the entirety of the federal court system. We cite a few that we think are at least persuasive, certainly not mandatory. There's the one case, Road Sprinkler, which- Yeah, but in that case, I looked at that case. There was a consent decree in that case. The order said, were compelled to arbitration only until such time as the parties comply with the order to submit to the arbitration. So they actually had a consent order, which obviously we don't have here. That's more in the form of a consent decree or some ongoing judicial supervision, right? Well, it was a consent decree to enter an order compelling arbitration. It was very much like an FAA Section 4 order to compel arbitration. There were a number of other cases we cite that granted Rule 60B-5 motions based on arbitration. They didn't deal head-on with the perspective issue, but we know they must have considered it because Rule 60B-5 says so. The Seventh Circuit case in Pariah, I'm saying that wrong, but we cite it in our reply brief. This is another close one. It's not exactly on point, Your Honor, but we think they had it right. When they say an order compelling arbitration is most closely analogized to an order directing the parties to proceed to trial, albeit in another form. Motions to compel arbitration leave a lot of perspective. The last point is, even if it could constitute prospective application here, the district court still, under an abuse of discretion standard, could say, weighing the equities, I don't think we should reopen this. And assuming we don't agree with you, that somehow you were precluded by our prior order of litigating the merits in the arbitration at the same time as the arbitrability issue was litigated, why would it be an abuse of discretion for the district court to say, look, you had a chance to litigate this, and for whatever strategic reason you didn't, and I'm not reopening this. Why is that an abuse of discretion? Yeah, Your Honor, we think it's an abuse of discretion because we're aware of no rule or order, either from the court rules or the AAA, which require us to arbitrate all at one time. And therefore, the net effect of what Amazon did by changing its terms, denying us the right to have a forum to litigate our substantive claims, claims that survived the motion to dismiss, denies us a forum, that's inequitable. And denying us a forum, we believe, rises to the level of such inequity that the court did abuse its discretion in not permitting us a forum in arbitration or in federal court to resolve the party's substantive claims. I see my time is up. Thank you, Your Honor. Thank you very much. You have your two minutes for rebuttal. We'll now hear from Mr. Connealy. Good morning, Your Honors. May it please the court. My name is Michael Connealy, and I represent Amazon in this action. As Judge Shin noted, the narrow question on this appeal is whether the district court abused its discretion in denying plaintiff's motion. And especially under that deferential standard of review, the answer is no. The district court carefully considered plaintiff's motion and identified two compelling and independent reasons for denying it. First, the district court explained that its judgment does not apply prospectively, which is undisputedly an indispensable condition for relief under the part of the rule that plaintiff invoked. And second, even if it did apply prospectively, plaintiff failed to carry his burden of showing that its continued application is no longer equitable. Plaintiff cannot overcome either problem, much less both, and certainly cannot show that the district court abused its discretion on both. This court may affirm Compelling arbitration is a little bit different from a dismissal. There may be reasons for the district court to become involved again. I mean, that's what your colleague on the other side argues. So how do you respond to that? Well, here, there was no, unlike the road sprinkler, the road sprinkler fitters case that Mr. Tooth has cited, there was no condition in the dismissal. That was a consent decree where the dismissal was expressly conditioned on the defendant, who was the party resisting arbitration, going forward by submitting the grievance to arbitration. Here, the dismissal was unconditional, and as Judge Glasser Would the situation be different if the district court had stayed the case pending arbitration? Would that have a different result? I know that didn't happen here, but I'm trying to figure out whether that would make a difference. I think it would be different in the sense that we might not have a final judgment to start with in that case. You could always, if the court stays proceedings, a party can say situations have changed and the reason for the stay no longer applies. So it could be different in that. I don't even know if we would be in Rule 60B land in that kind of a case. But here, there was a dismissal, and Judge Glasser, who obviously authored the original decision and issued the judgment, said that there was no reason for him to remain involved in the party's dispute. And that's very different from the road sprinkler case where the plaintiff, who had gone to court for the sole reason of compelling arbitration, had to go back to the district court to get an order enforcing the consent decree in that case. So we don't think that that case is on point at all. And the decisions in Paul Revere, variable annuity from the First Circuit, and Greenberg are much closer to what we have here, Greenberg from the District of Columbia District Court, because here the dismissal was unconditional. And that's exactly the type of dismissal that does not require the district court's continuing involvement. Plaintiff has invoked the distinction between interlocutory and final arbitration rulings, and this to some extent goes to your question too, Judge Bianco. But here, that distinction doesn't help plaintiff because it's quite clear that the original judgment was not interlocutory. That's why it was appealable. And the case that plaintiff cites on this point, Katz, from this court, recognizes that under the Supreme Court's Greentree decision, an order that compels arbitration and dismisses the case is a final judgment that's appealable, just like any other final judgment. And I would note that the Seventh Circuit case that Mr. Tusa cited, the Pariah or Pereira, I don't know how you say it, that was an appellate jurisdiction case as well from 1992, I believe. And I don't think it's still good law after Greentree, but it's certainly not relevant here where the issue is the prospective application of an order compelling arbitration. I can turn now to the second ground for the district court's ruling, unless there are further questions on prospective application, because the second ground, applying the judgment prospectively, assuming it applies prospectively, is not inequitable. I think that could even be a simpler path to affirmance, although the court could affirm on either ground, because it is well recognized that Rule 60B, Relief, is generally disfavored and requires exceptional circumstances. So even if the rule were potentially available for this judgment, the district court didn't abuse its discretion in finding that no exceptional circumstances were present here. And plaintiff's only argument that I have heard to the contrary is that he now has no forum for his substantive claims. But there's no dispute that he had a forum when he filed his arbitration and pursued it to completion. As the district court noted, however, he simply made a strategic decision not to raise all his claims at once and to hold the more substantive claims in reserve. And now he wants to turn that strategic decision of his own into a basis for a second fight at the apple. You also mentioned something today, I don't remember it being in the papers, maybe I missed it, that they still had three months to modify, to go back to the arbitration procedure, try to modify it, maybe to include a merits determination, and then this amendment took place within that three-month period. So what's your response to that? It's true that the FAA does give a party 90 days to seek vacatur of an arbitral award in federal court. However, that's obviously a very difficult standard to establish that vacatur is appropriate under the FAA. And here I don't think it's relevant that he had 90 days because those 90 days expired on June 15th, 2021, and he did not seek vacatur at any point and did not even file his motion for relief from the judgment until June 28th. So it would have been beyond the 90-day period in any event. I also have to disagree with Mr. Tusa that a motion to vacate would have been moot. I don't see why that would be the case. I guess he could have argued within that 90-day period that one reason for vacating the award is that the arbitrator lacks authority to move forward with the case because of the amendment and the conditions of use, but he never attempted that argument. Not to say that it would have succeeded, but it would have been an argument he could have tried within that 90-day window. But instead, he asked for Rule 60b-5 relief, which is a demanding bar that we don't think he's met. And I would say that the district court, in emphasizing the strategic decision of Mr. Nicosia not to raise all his claims before the arbitrator, was relying on a long-established line of cases going back to the Supreme Court's Ackerman decision in 1950, which said that Rule 60b isn't designed to give a party a do-over when, in hindsight, the deliberate choice of that party no longer seems acceptable to him or her. And that's exactly the line of cases that the district court relied on. And so even setting aside whether it would have been okay to grant Rule 60b relief, given those cases and Mr. Nicosia's argument for relief, it certainly wasn't an abuse of discretion for the district court to follow those cases. And Mr. Nicosia hasn't identified a single case from any court, certainly not from this court, that reversed as an abuse of discretion a district court decision that denied Rule 60b relief on the ground that the district court's weighing of the equities was an abuse of discretion. This court has not held that, as far as I'm aware, and certainly the circumstances of this case don't warrant that kind of holding here. Happy to answer any other questions if the panel has any. But if not, I'll yield back my time. Thank you. Thank you, Your Honor. Mr. Tussa, you have your two minutes for rebuttal. Your Honor, what's not in dispute here is that Amazon's current conditions of use has retroactive effect even prior disputes. It's also not in dispute that Amazon changed the terms of its customer agreement post-judgment and that neither the district court nor plaintiff could have foreseen it. And it certainly wasn't material change in circumstance. What Your Honors are asking me about today and seems to be the sticking point is whether the arbitration was over and whether or not we were obligated in some way to present everything at once or take the phased approach we started. Let me address the first one by saying, assuming we certainly did have three months from the arbitral award, 9 U.S.C. Section 12, it is in our briefs, Your Honor. And assuming we had started that motion to vacate or modify and then Amazon said all disputes must be litigated, would you still think the case was over if there was a pending motion in the district court? And if Your Honor says yes, then what's the practical difference with them having pulled the rug out under us before we had the opportunity to do that, that timeline has run? There's no practical difference. Similarly, we're aware of no rule that says you have to arbitrate everything all at once. We did what we thought we were told to do, but certainly was advisable to do in phasing the arbitration to deal with the arbitrability issues first because if the arbitrator lacked jurisdiction, the arbitration wasn't going to go forward. I just want to go back to your other point. Why didn't you make a motion to vacate the district court? Once you saw the amendment, you're telling me you could have made a motion to vacate the district court, saying, look, they've amended the agreement, we want to come back to you, right? Couldn't you have done that? So what we did initially, Your Honor, is we approached Amazon and said, we're aware in another case, very much like ours, it's Wilkofsky, it's in the record. You now have, you had a motion, you had an order to compel, you've changed it. In this other Wilkofsky case, they stipulated to return it to federal court. We approached Amazon and we said, would you similarly stipulate that we should return it to federal court? Had the arbitration happened in that other case or not? It was compelled to arbitration. Obviously, we're not counsel there. I don't know what preliminary steps had or had not been taken. The stipulation is in the record 224 to 226. And when they said, no, we're not going to stipulate, we had in front of us the option to either make a motion to vacate or modify or a little 60B motion. We thought the better course, since we couldn't go back to arbitration under the terms of the new agreement, was to make the 60B motion. So, Your Honor, I see my time is up. I'll just mention in leaving that we put a 28J letter in about the Supreme Court's recent decision in Morgan v. Sundance. If Your Honors have any questions, we can. We think that adds more to our arguments of inequity, since it takes out the underpinnings of why we were sent to arbitration in the first place. That decision, of course, changed the Second Circuit standard on waiver and arbitration scenarios. Thank you, Your Honor. Thank you, Mr. Tusa. Thank you, Mr. Keneally. We'll reserve decision and have a good day. All right. The next case on the calendar is United States v. Alba. We have Mr. Trombley arguing for Mr. Alba. We're just going to wait one second until people clear out in the back. Okay, Mr. Trombley, you have two minutes for rebuttal, and you can begin whenever you're ready. Thank you, Judge Bianco. Your Honor, may it please the Court, Peter Trombley for the appellant, Frankie Alba. This appeal presents an opportunity to clarify the law governing sentence reduction motions under the First Step Act. We think it's important to the fair administration of criminal justice to reaffirm a few key principles of reasoned decision making. First, the district court's order must give us confidence the court reasoned through a litigant's arguments. Second, the key conclusions of a district court's order cannot rely on incorrect statements. Third, the presumption that a district court has considered all of the Section 3553A factors is rebutted when the record does not give us confidence a litigant's arguments were fully considered. And if we apply those principles here, Your Honors, the order denying Mr. Alba's motion cannot stand. The order said that Mr. Alba's case was not extraordinary and compelling because obesity was the sole circumstance he relied on, and vaccination made his risk of severe COVID-19 negligible. Both of those premises are wrong. Mr. Alba made arguments based on age and conditions of confinement as well as obesity, and the CDC guidance that the court cited did not suggest in March of 2021 that anyone, let alone someone like Mr. Alba, was at a risk so small as to be disregarded. Mr. Tromberg, let me just say, you can come back to that, but because there are two independent grounds, I want to ask you more, and I know you addressed it in your other points, but district court, even if there were issues with the risk factors, the district court independently under the 3553 factors exercised her discretion to deny the application. And so you said your third point was that she failed to consider rehabilitation, but we have said over and over again in numerous cases that a district court, and Halvin was one case, does not have to go through each argument and say, I've considered your rehabilitation. So you're essentially asking us to overrule our prior holdings, that a district court does not have to specifically mention that, right? No, Your Honor, I'm not. And I'm glad that you mentioned the Halvin case, because I want to mention a couple of factors that this court noted in Halvin